UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TWIN METALS MINNESOTA LLC**, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **UNITED STATES OF AMERICA**, *et al.*, <br><br> Defendants. | Case No. 1:22-cv-02506 (TNM) |

# ORDER

Plaintiffs Twin Metals Minnesota LLC and Franconia Minerals (US) LLC filed a Notice of Related Case asserting that this action is related to another case previously before this Court, *Voyageur Outward Bound School v. United States*, No. 18-cv-1463. *See* ECF No. 2. Defendants object, arguing that *Voyageur* and this case are not related under Local Civil Rule 40.5(a)(4). *See* ECF No. 12. Because the *Voyageur* parties are not the same as those here, the Court will direct the Clerk of Court to return this case for random reassignment.

The general rule in this district is that new cases are randomly assigned. *See* LCvR 40.3(a). The reason for random assignment is to "ensure greater public confidence in the integrity of the judicial process." *Klayman v. Porter*, No. 20-cv-3109, 2021 WL 1668067, *1 (D.D.C. 2021 Apr. 28, 2021). "The rule guarantees fair and equal distribution of cases to all judges, avoids public perception or appearance of favoritism in assignments, and reduces opportunities for judge-shopping." *Tripp v. Exec. Office of President*, 196 F.R.D. 201, 202 (D.D.C. 2000) (three-judge panel).

But, "[o]n rare occasion," a new case is properly assigned to a specific judge because of its relation to a prior case. *Klayman*, 2021 WL 1668067, at *1. In this district, cases are related

"where a case is dismissed . . . and a second case is filed involving the same parties and relating to the same subject matter." LCvR 40.5(a)(4). "This exception is strictly interpreted," and "[t]he party requesting the related-case designation bears the burden of showing that the cases are related[.]" *Wilderness Soc. v. Bernhardt*, No. 20-cv-1176, 2020 WL 2849635, at *1–2 (D.D.C. June 2, 2020). So the party claiming relation carries a "heavy" burden. *Id.* at *2 (cleaned up).

Plaintiffs have not met their burden. The parties are different. Plaintiffs in *Voyageur* were various environmental groups and businesses. *See Voyageur*, 18-cv-1463, 444 F. Supp. 3d 182 (D.D.C. 2020), ECF No. 1 (Compl.), *vacated and dismissed as moot*, No. 20-5097, 2022 WL 829754 (D.C. Cir. Mar. 17, 2022). Plaintiffs here were defendant-intervenors in *Voyageur*. *See id.*, Min. Order, June 28, 2018 (granting motion to intervene). To be sure, some of the Government Defendants overlap. But that is insufficient. "The phrase 'the same parties' means 'identical parties.'" *Bernhardt*, 2020 WL 2849635 at *2. So "the mere presence of overlapping parties is not among the bases for a related-case designation." *Klayman*, 2021 WL 1668067, at *2.

More, Plaintiffs here were then intervening on the Governments' behalf. So Plaintiffs' contention that "the key parties who were involved in *Voyageur* are also involved in the present suit" is not correct. The *Voyageur* plaintiffs—crucial parties to the initial case—are entirely absent now. Plaintiffs' switch from supporting the Government before to being the only parties to sue the Government here makes this a very different case from the one before. For these reasons, the Court finds that this case is not related to case No. 18-cv-01463 within the meaning of Local Rule 40.5(a)(4). It is hereby

**ORDERED** that the Clerk of Court shall return this case to the Calendar and Case Management Committee for random reassignment.

**SO ORDERED**.

Dated: December 9, 2022                                         TREVOR N. McFADDEN, U.S.D.J.