UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TWIN METALS MINNESOTA LLC**, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **UNITED STATES OF AMERICA**, *et al.*, <br><br> Defendants. | Case No. 22-cv-2506 (CRC) |

### OPINION AND ORDER

Plaintiffs, Twin Metals Minnesota LLC and Franconia Minerals LLC (collectively "Twin Metals"), challenge the Department of Interior's cancellation of federal mining leases, and related actions, which have derailed their development of a copper and nickel mine in Northeastern Minnesota. Fifteen environmental organizations and recreational businesses, primarily Minnesota-based, have applied to intervene as defendants in the action alongside the United States, the Interior Department, and the Bureau of Land Management and several of its officials. Finding that the prospective intervenors have demonstrated Article III standing and satisfied the requirements of intervention as of right, the Court will grant their motion. The Court will also decline Twin Metals's request to transfer the case to a fellow judge of this Court under the Court's local rule on related cases.

**I.     Analysis**

The applicants seek to intervene both as of right and permissively under Federal Rules of Civil Procedure 24(a)(2) and 24(b)(1)(B), respectively. Mot. Intervene at 2–3. Because they are entitled to intervene as of right, the Court need not reach their permissive intervention request.

In this Circuit, parties seeking to intervene as of right must first establish standing under Article III of the Constitution. Associated Dog Clubs of N.Y. State v. Vilsack, 44 F. Supp. 3d 1,

3–4 (D.D.C. 2014) (citing Fund For Animals, Inc. v. Norton, 322 F.3d 728, 731–32 (D.C. Cir. 2003)). They then must satisfy the requirements of Rule 24(a).

    A.    Standing

To establish standing, parties must demonstrate an (1) injury-in-fact, (2) that is "fairly . . . traceable to the challenged action" and (3) "will be redressed by a favorable decision." Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992) (cleaned up). The applicants claim associational standing, which requires showing that "at least one member would have standing under Article III to sue in his or her own right, that the interests [they seek] to protect are germane to [their] purposes, and that neither the claim asserted nor the relief requested requires that an individual member participate in the lawsuit." Nat. Res. Def. Council v. EPA, 489 F.3d 1364, 1370 (D.C. Cir. 2007).

To start, the prospective intervenors demonstrate an injury that is "concrete and particularized" and "actual or imminent." Lujan, 504 U.S. at 560. The applicants have filed almost three dozen member declarations asserting "concrete recreational, aesthetic, business, educational, and professional interests" in the wilderness area proximate to Twin Metals's would-be mining activities. Mot. Intervene at 33–34. The declarants, many of whom own homes or businesses in the affected region, highlight the purported harms that the resumption of Defendants' mining activities would bring about, including a decline in tourism, reduced home and business values, and worsened drinking water. Decl. of David Seaton ¶¶ 19, 27–28, 30; Decl. of Deborah Huskins ¶¶ 8, 11–13, 18. According to some declarants, prior exploratory drilling and mining generated bothersome noise and air pollution. Decl. of Steven Koschak ¶¶ 16–17 (noting how the "constant barrage of sound" caused him and his wife "mental and emotional stress and anxiety"); Decl. of Carla Arneson ¶ 7 (describing pollution she has seen,

including a dirty sump pit for wastewater and improperly capped drill holes). If Twin Metals were to prevail, the declarants have adequately alleged that their use and enjoyment of the area would diminish. Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 183 (2000) (cleaned up) (holding that "environmental plaintiffs adequately allege injury in fact when they aver that they use the affected area and are persons 'for whom the aesthetic and recreational values of the area will be lessened' by the challenged activity'").

Causation and redressability are satisfied, too. Twin Metals seeks reinstatement of its canceled mining leases and an entitlement to preference right leases. Compl. ¶¶ 133–36. The applicants show that the resumption of the status quo—which they aver was marked by loud and disruptive developmental activities—would result in the types of harms noted above. Reply at 21–22. The applicants' injury can also be redressed. If the Federal Defendants and intervenors succeed, the applicants' members will be "freed . . . from the activity that is the source of injury." Franconia Mins. (US) LLC v. United States, 319 F.R.D. 261, 267 (D. Minn. 2017) (holding that intervenors established standing in similar suit brought by Twin Metals).

Since at least one of the applicants can establish associational standing, the Court need not assess whether each intervenor has standing or whether organizational standing is also satisfied. See Mil. Toxics Project v. EPA, 146 F.3d 948, 954 (D.C. Cir. 1998).

      B.     Intervention as of right

Federal Rule of Civil Procedure 24(a)(2) "permits parties to intervene in a pending action if (1) the motion to intervene is timely; (2) the movant 'claims an interest relating to the property or transaction that is the subject of the action;' (3) the movant 'is so situated that disposition of the action may as a practical matter impair or impede the movant's ability to protect its interest;'

and (4) the movant's interest is not adequately represented by existing parties.'" Associated Dog Clubs of N.Y. State, 44 F. Supp. 3d at 3 (citing Fed. R. Civ. P. 24(a)).

The motion here is timely. Defendant-intervenors filed their motion on December 22, 2022, fifteen business days after the Federal Defendants' first responsive pleading. See Sault Ste. Marie Tribe of Chippewa Indians v. Bernhardt, 331 F.R.D. 5, 12 (D.D.C. 2019) (finding a motion to intervene timely when it was filed "just 16 days after the Government filed its answer").

Applicants also satisfy the second requirement—a "legally protected interest" relating to the action—as they have established standing. See Fund For Animals, Inc. v. Norton, 322 F.3d 728, 735 (D.C. Cir. 2003) ("Our conclusion that the [intervenor] has constitutional standing is alone sufficient to establish that the [intervenor] has 'an interest relating to the property or transaction which is the subject of the action." (cleaned up)).

Third, applicants have interests that may be impaired due to the litigation. Courts look to the "'practical consequences' of denying intervention, even where the possibility of future challenge to the regulation remain[s] available." Fund For Animals, 322 F.3d at 735 (cleaned up). Applicants show that, if Twin Metals succeeds, the mine development and mineral exploration activities that would likely ensue would "irreparably harm" their interests, reducing their enjoyment of the region and threatening their homes and businesses. Mot. at 27–28; see also Fund For Animals, Inc., 322 F.3d at 735 (noting that the "loss of revenues during any interim period would be substantial and likely irreparable"). Even if the applicants could participate in future regulatory processes relating to environmental review and permitting, Opp'n at 21, "the task of reestablishing the status quo . . . will be difficult and burdensome." Reply at 12 (citing Fund for Animals, 322 F.3d at 735).

4

The fourth requirement is also met. This element is satisfied if the "applicant shows that representation of his interest [by existing parties] 'may be' inadequate." Fund For Animals, 322 F.3d at 735 (cleaned up). The burden of this showing "should be treated as minimal." Id. (cleaned up). Although the Federal Defendants and the intervenors may have similar interests, the government's "obligation is to represent the interests of the American people" while the intervenors' interests might be "more narrow and 'parochial.'" Id. at 736–37 (cleaned up) ("[W]e have often concluded that governmental entities do not adequately represent the interests of aspiring intervenors."). Applicants here have previously disagreed with the Federal Defendants over the management and protection of the affected region, and also contend that they have different financial stakes. Reply at 13–14.

All requirements for intervention as of right are thus met.

        C.        Related Case Rule

Finally, Twin Metals contends that, if the Court grants the motion to intervene, it should treat this case as related to Voyageur Outward Bound Sch. v. United States of America, 1:18-cv-01463-TNM. Opp'n at 4. Under the applicable local rules, civil cases shall be deemed related when (1) the first case was dismissed (with prejudice or without); and (2) the second case involves "the same parties and relat[es] to the same subject matter." LCvR 40.5(a)(4). In this suit, Twin Metals challenges two actions that were not at issue in Voyageur—the rejection of preference lease right applications and a mine plan of operations. Compl. ¶¶ 3, 10–11. That both cases involve the same mining leases is insufficient by itself to trigger the related case rule. Wilderness Soc'y v. Bernhardt, No. CV 20-1176 (BAH), 2020 WL 2849635, at *2 (D.D.C. June 2, 2020) (holding that related case rule did not apply to two cases, both involving Twin Metals's

mining rights leases, because they challenged different agency actions).  The Court will thus retain the case.

## II.     Conclusion

For these reasons, it is hereby

**ORDERED** that [19] Defendant-Intervenor Applicants' Motion to Intervene is **GRANTED.**  It is further

**ORDERED** that Defendant Intervenors shall file a responsive pleading by May 26, 2023.  Should Defendant Intervenors file a motion to dismiss, they may raise but should not needlessly duplicate arguments presented in the Federal Defendants' pending [14] Motion to Dismiss.  Plaintiffs shall file a consolidated opposition to [14] and any forthcoming motion to dismiss by Intervenors by June 23, 2023.  Plaintiffs may seek an appropriate page-limit extension as necessary to respond to any new arguments raised by Intervenors.  Separate replies shall be filed by July 7, 2023.

**SO ORDERED**.

CHRISTOPHER R. COOPER
United States District Judge

Date:  May 3, 2023